**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4085-15T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DENNIS KERRIGAN,

    Defendant-Appellant.

_____

Submitted October 3, 2017 — Decided October 31, 2017

Before Judges Reisner and Gilson.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Indictment No. 08-02-0187.

Joseph E. Krakora, Public Defender, attorney for appellant (Adam W. Toraya, Designated Counsel, on the brief).

Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (Timothy Francis Trainor, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

    Defendant Dennis Kerrigan appeals from a March 22, 2016 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm substantially for the reasons

explained by Judge Timothy P. Lydon in his thorough written opinion.

## I.

Defendant lived in a townhouse complex. In 2010, a jury convicted him of fourth-degree stalking of the manager of the complex, N.J.S.A. 2C:12-10(b). He was sentenced to two years of probation.

At trial, the State presented testimony from three witnesses: the complex's manager, another resident of the townhouse complex, and a police officer. In short, the witnesses testified that the defendant often attended association meetings and often became loud and disruptive at those meetings. The witnesses also testified that defendant had confronted the manager on several occasions and had acted aggressively towards her. The manager and resident testified that defendant was seen staring at the manager on numerous occasions and that he often parked his vehicle in the parking lot next to her office and would sit and stare at her office. Indeed, the manager logged over fifty instances where defendant acted aggressively towards her and others, the majority of which he either confronted or watched her.

On a particular occasion, defendant drove his van into the parking lot next to the manager's office, parked, and stared at the manager's office. When the manager came out of her office,

she saw defendant, became frightened, and called the police. When the police arrived, defendant drove away, but later came back and again began staring at the manager's office.

On direct appeal, we affirmed defendant's conviction and sentence and the Supreme Court denied his petition for certification. State v. Kerrigan, No. A-5162-09 (App. Div. Oct. 14, 2011), certif. denied, 210 N.J. 263 (2012).

In February 2015, defendant filed a petition for PCR. He was assigned counsel, and the PCR court heard oral argument on defendant's petition on March 18, 2016. On March 22, 2016, the PCR court entered an order denying defendant's petition and issued a written opinion supporting that order.

In his PCR petition, defendant argued that his trial counsel was deficient in failing to: (1) enforce subpoenas; (2) show that the charges against defendant had no basis and were retaliatory; (3) present evidence that defendant had filed a harassment complaint against the manager; (4) show that defendant had filed a complaint with the Internal Affairs Department of the police department; (5) elicit certain testimony on cross-examination of the police officer; and (6) bring out certain testimony from the resident and manager. Judge Lydon addressed each of those contentions in his written opinion. He found that defendant had not established prejudice from any of the contentions. He also

found that defendant failed to make a prima facie showing that his trial counsel was ineffective.

## II.

On this appeal, defendant makes one argument, which he articulates as follows:

> POINT I — THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION IN THIS CASE

Defendant's petition arises from the application of Rule 3:22-2, which permits collateral attack of a conviction based upon a claim of ineffective assistance of counsel within five years of the conviction. See R. 3:22-12(a)(1); see also Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984); State v. Fritz, 105 N.J. 42, 58-59 (1987). To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-part Strickland test by showing that: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" and (2) "the deficient performance prejudiced the defense." Strickland, supra, 466 U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693 (citing U.S. Const. amend. VI); Fritz, supra,

4

105 <u>N.J.</u> at 58-59 (adopting the <u>Strickland</u> two-part test in New Jersey).

Rule 3:22-10(b) provides that a defendant is only entitled to an evidentiary hearing if he or she establishes a prima facie case in support of PCR. Moreover, there must be "material issues of disputed fact that cannot be resolved by reference to the existing record," and the court must determine that "an evidentiary hearing is necessary to resolve the claims for relief." <u>State v. Porter</u>, 216 <u>N.J.</u> 343, 354 (2013) (quoting <u>R.</u> 3:22-10(b)). To establish a prima facie case, a defendant must demonstrate "the reasonable likelihood of succeeding under the test set forth in <u>Strickland</u>[.]" <u>State v. Preciose</u>, 129 <u>N.J.</u> 451, 463 (1992).

Having reviewed defendant's arguments in light of the law and the record, we affirm. Defendant essentially repeats the arguments he made before Judge Lydon. Judge Lydon detailed each of defendant's arguments, explained why the arguments did not satisfy either prong of the <u>Strickland</u> test, and explained why defendant was not entitled to an evidentiary hearing. We agree with Judge Lydon's analysis of the facts and the law.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4085-15T3